Matthew S. Parmet (CSB # 296742)
matt@parmet.law
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

*Local Counsel for Plaintiff*

Don Foty (TX Bar No. 24050022)
HODGES & FOTY, LLP
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001
Fax:     (713) 523-1116
Email: dfoty@hftrialfirm.com
(Will apply for *pro hac vice* admission)

*Counsel for Plaintiffs and Putative Class Members*

## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **LUIS HERRERA, JUAN GONZALEZ RUIZ, and ANDY HERRERA, on Behalf of Themselves and on Behalf of All Others Similarly Situated** | § § § § | **CIVIL ACTION NO. 5:20-cv-01093** |
| **Plaintiffs,** | § § § | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| **V.** | § § § | |
| **EOS IT MANAGEMENT SOLUTIONS, INC., and EOS UNIFIED SOLUTIONS, INC.,** | § § § § § | **1. Failure to Pay Overtime (Violation of Fair Labor Standards Act, 29 U.S.C. § 207)** |
| **Defendants.** | § § § § § § | **2. Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)** |
| | § § § | **3. Failure to Provide Off-Duty Meal and Rest Periods (Cal. Labor Code** |

§ §§ 218.5, 226.7, 512; IWC Wage
§ Order 4-2001)
§
§ 4. Failure to Provide Itemized Wage
§ Statements (Cal. Labor Code §
§ 226)
§
§ 5. Failure to Provide Wages Upon
§ Separation of Employment (Cal.
§ Labor Code §§ 201-203)
§
§ 6. Failure to Reimburse for
§ Necessary Expenditures (Cal.
§ Labor Code § 2802)
§
§ 7. Unfair Competition (Violation of
§ Cal. Business and Professions
§ Code, § 17200, *et seq.*)
§
§ 8. Failure to Pay Overtime (N.Y.
§ Lab. Law §190 *et seq*. and N.Y.
§ Lab. Law §650 *et seq.*)
§
§ 9. Spread of Hours Violation (N.Y.
§ COMP. CODES R. & REGS. tit. 12, §
§ 142-2.4)
§
§ 10. Wage Theft Prevention Act
§ Violation (N.Y. Lab. Law §§ 2, 190,
§ 651, *et seq*)

**PLAINTIFFS' ORIGINAL COMPLAINT**
**COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND**

## I.    INTRODUCTION

1.       This is a collective and class action lawsuit brought by Plaintiffs Luis Herrera, Juan Gonzalez Ruiz, and Andy Herrera ("Plaintiffs") on behalf of themselves and all others similarly situated.   Defendants misclassified Plaintiffs as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and denied them pay at the rate of time and one half their regular rates of pay when they worked more than 40 hours in a workweek.   In addition

to the Plaintiffs, Defendants have misclassified hundreds of other workers as exempt from overtime.

2.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).   On behalf of himself and all other similarly situated employees, Plaintiffs bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

3.      Additionally, Defendants' conduct violates the state laws of California.  Defendants failed to pay overtime wages, provide meal and rest periods, provide itemized wage statements, pay for work related expenses, and provide all wages upon separation as required by the California Labor Code and California Industrial Wage Commission Wage Order(s).  Plaintiff Gonzalez Ruiz brings this lawsuit as a Rule 23 Class Action under California law.  Members of the California Class Action are referred to as "California Class Members."

4.      Likewise, Defendants' conduct violates the laws of New York.  Defendants failed to pay overtime wages, additional wages for working more than 10 hours in a single day, failed to provide accurate and timely notice upon hire, failed to issue wages on a weekly basis as opposed to on a bi-weekly basis, and provided pay statements that were inaccurate, in violation of New York Labor laws. Plaintiff Andy Herrera brings this lawsuit as Rule 23 Class Action under New York law. Members of the New York Class Action are referred to as "New York Class Members."

## II.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

6.      Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

7.      A substantial part of the events or omission which give rise to the claims occurred in Santa Clara County, and therefore this action is properly assigned to the San Jose Division,

592a1fe206fb0bf1

pursuant to Local Rule 3-2(c), (d).  Defendants maintain their headquarters in this District and the decisions to pay the Plaintiffs and Class Members in the illegal manner described in this Complaint were made in this District.

8.     Defendants are subject to personal jurisdiction in this District because they maintain their headquarters and principal place of business in this District, conduct substantial and continuous commercial activities in California, and contract with residents of California for the services provided by their workforce.  Further, Defendants maintain offices in California and employ California residents.

9.     This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.    PARTIES AND PERSONAL JURISDICTION

10.    Plaintiff Luis Herrera is an individual residing in Katy, Texas.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

11.    Plaintiff Juan Gonzalez Ruiz is an individual residing in Huntington Station, New York.  Plaintiff's written consent to this action is attached hereto as Exhibit "B."

12.    Plaintiff Andy Herrera is an individual residing in Hicksville, New York. Plaintiff's written consent to this action is attached hereto as Exhibit "C."

13.    The "FLSA Class Members" are all current and former Field Engineers and all employees performing substantially similar duties for Defendants who were classified as exempt from overtime for at least one week during the three-year period before the filing of this Complaint to the present.

14.    The "California Class Members" are all current and former Field Engineers and all employees performing substantially similar duties for Defendants in California who were classified as exempt from overtime for at least one week during the four-year period before the filing of this Complaint to the present.

15.    The "New York Class Members" are all current and former Field Engineers and all employees performing substantially similar duties for Defendants in New York who were

classified as exempt from overtime for at least one week during the six-year period before the filing of this Complaint to the present.

16.     The FLSA Class Members, California Class Members, and New York Class Members shall be collectively referred to as "Class Members."

17.     Defendant EOS IT Management Solutions, Inc. is a Delaware corporation with its principal place of business and headquarters in Santa Clara, California.  Defendant may be served process through its registered agent Business Filings Incorporated at 818 W 7th St, Los Angeles CA 90017.

18.     Defendant EOS Unified Solutions, Inc. is a Delaware corporation with its principal place of business and headquarters in Santa Clara, California. Defendant may be served process through its registered agent Incorporating Services, Ltd. at 7801 Folsom Blvd. Ste 202, Sacramento, CA 95826.

19.     At all material times, Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs and the Class Members.

20.     At all material times, Defendants have been governed by and subject to the FLSA, 29 U.S.C. § 207.

21.     At all material times, Defendants have been employers within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

22.     At all material times, Defendants have been enterprises within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

23.     At all material times, Defendants have been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24.     At all material times, the unlawful conduct against Plaintiffs and the Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant times, the unlawful conduct described in this Complaint was reasonably foreseeable

1   by Defendants and committed under actual or apparent authority granted by Defendants such that

2   all unlawful conduct is legally attributable to Defendants.

3          25.    At all material times, Defendants have had an annual gross business volume of not

4   less than $500,000.

5          26.    Defendants represent themselves to the general public as one company operating at

6   multiple locations.  They share employees, have a common management, pool their resources,

7   operate from the same headquarters, have common ownership, and have the same operating name.

8   Defendants advertise together on the same website, provide the same array of services to its

9   customers, and use the same business model.  Defendants provide the same service product to its

10  customers by using a set formula when conducting its business.  Part of that set formula is the

11  wage violation alleged in this complaint.  These facts represent a classic example of "corporate

12  fragmentation."

13         27.    Additionally, Defendants are subject to common control and management.

14         28.    Thus, Defendants formed a "single enterprise" and are each liable for the violations

15  of the other.

16         29.    Moreover, Defendants formed a joint employment relationship with respect to the

17  Plaintiffs and Class Members.

18         30.    Defendants had an interrelation of operations between the companies, centralized

19  control of labor relations, common control, and a common business purpose.

20         31.    Further, Defendants jointly controlled the hours to be worked by the Plaintiffs and

21  Class Members, maintained pay records and employment records, controlled work schedules, had

22  hiring and firing authority, and supervised the work of the Plaintiffs and Class Members.

23         32.    Defendants also had a common business purpose to provide installation services

24  for their customers.  Defendants also jointly made the decision to pay the Plaintiffs and Class

25  Members in the illegal manner described in this Complaint.

26         33.    Defendants' operations were unified, and Defendants shared control over the work

27  of the Plaintiffs and Class Members. Thus, Defendants are each liable for the violations in this

28  case.

## IV.   FACTS

34.     Defendants operate an information technology services company with locations throughout the United States.   Specifically, Defendants provide IT installation services and troubleshoot services for various companies in the US.

35.     To provide their services to their customers, Defendants employ Field Engineers. Field Engineers install IT equipment and audiovisual equipment at the offices of Defendants' customers.

36.     Plaintiff Luis Herrera was employed as a Field Engineer by Defendants from approximately June 2015 to May 2018.  Plaintiff Luis Herrera performed services for Defendants in Texas.

37.     Plaintiff Gonzalez Ruiz was employed as a Field Engineer by Defendants from approximately February 2016 to August 2018.  Plaintiff Gonzalez Ruiz performed services for Defendants in California.

38.     Plaintiff Andy Herrera was employed as a Field Engineer by Defendants from approximately January 2017 to August 2018.  Plaintiff Andy Herrera performed services for Defendants in New York.

39.     As Field Engineers, the Plaintiffs' daily duties consisted of driving to different customer locations and installing a variety of teleconferencing equipment.  They also installed routers, tables, and 70-inch screens for videoconferencing.

40.     During their employment, Plaintiffs frequently worked more than 8 hours per day and 40 hours per week. In fact, they commonly worked up to 60 hours per week.

41.     On major installations, Plaintiffs often arrived at a customer's location to unload equipment as early as 8 am and often did not leave until after 7 pm.  They would have to work at least 5 days a week for Defendants.  Thus, they worked overtime nearly each work that they were employed.

42.     The Class Members also regularly worked more than 8 hours per day and 40 hours per week.  Like the Plaintiffs, the Class Members commonly worked up to 60 hours per week.

43.     The Plaintiffs and Class Members were also required to monitor their cell phones in the evenings and early mornings to receive and prepare for their work assignments.  Once they received their schedules from Defendants, they were responsible for completing the assigned job within the required timeframe.

44.     Despite working more than more than 8 hours per day and more than 40 hours a week, Defendants failed to pay the Plaintiffs overtime hours.

45.     Instead, the Plaintiffs were paid a salary without any overtime pay.

46.     The Class Members also regularly worked more than 8 hours per day and more than 40 hours a week.

47.     Defendants also did not pay the Plaintiffs and New York Class Members any additional wages when they worked more than 10 hours in a single day.

48.     Defendants paid the Class Members a salary without overtime pay.

49.     Defendants classified the Plaintiffs and the Class Members as exempt from overtime.

50.     The Plaintiffs and the Class Members were not exempt from overtime.  The primary duty of the Plaintiffs and Class Members was to perform manual labor, installation tasks.  This work was repetitive in nature and did not involve the exercise of independent judgment or discretion with respect to matters of significance. The Plaintiffs and Class Members were required to follow a detailed checklist and installation instructions for the specific equipment purchased by the customer.

51.     The Plaintiffs and Class Members performed tasks such as measuring the size of rooms where equipment was to be installed, carrying cables, and drilling holes in the wall. Their duties also included carrying heaving computer and television equipment.  Their duties also included sweeping floors, cleaning rooms, and picking up trash.

52.     The Plaintiffs and the Class Members performed non-exempt duties for Defendants.

53.     The Plaintiffs and Class Members are not exempt from overtime.

54.     The Plaintiffs' and Class Members' primary duty did not involve making sales. The Plaintiffs and Class Members were not responsible for generating new business for Defendants.  Instead, they conducted installations of IT and audiovisual equipment.

55.     The Plaintiffs and Class Members were not supervisors or managers.  They had no ability to hire or fire other employees and did not supervise other employees.

56.     The Plaintiffs and Class Members were not "learned professionals."  Their work did not require advanced knowledge acquired through a long course of specialized intellectual instruction.

57.     The Plaintiffs and Class Members had no input into Defendants' business strategy or business decisions.  They also did not make any financial or marketing decisions.  They also had no role in formulating Defendants' guidelines, policies, or procedures.

58.     Defendants' conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members.  Defendants knew of the requirements to pay overtime and intentionally and/or recklessly chose to disregard it.  Defendants operate a large company and pay overtime to some of their employees.  However, they refused to pay the Plaintiffs and Class Members overtime pay.

59.     Defendants also did not provide Plaintiffs with a meal or rest break.  Instead, Plaintiffs were assigned tasks by Defendants and given a certain amount of time to complete those tasks.  Defendants did not provide any time for Plaintiffs to take a meal or rest break during the workday.

60.     Likewise, Defendants did not provide the California Class Members with a meal or rest break.  They too were assigned tasks by Defendants and were given a set amount of time to complete those tasks.  Defendants did not provide any time for them to take a meal or rest break.

61.     The Plaintiffs and Class Members also used their personal vehicles and personal cell phones as part of their daily duties for Defendants.  They drove from job site to job site in their personal vehicles, incurring such costs as gasoline, insurance, wear and tear, and other vehicle related costs.  Defendants did not reimburse the Plaintiffs and Class Members for the costs of their cell phone or their vehicle related expenses.

1

## V.   COLLECTIVE ACTION ALLEGATIONS

2      62.    Plaintiffs have actual knowledge that the FLSA Class Members have also been

3  denied overtime pay for hours worked over forty (40) per workweek.  Plaintiffs worked with and

4  communicated with other Field Engineers, and as such, have personal knowledge of their

5  existence, status as Defendants' employees, duties, pay structure, and the overtime violations.

6      63.    Other employees similarly situated to the Plaintiffs worked for Defendants in a

7  similar capacity and were not paid overtime at the rate of one and one-half their regular rate when

8  those hours exceeded forty (40) hours per workweek.

9      64.    Defendants have employed numerous Field Engineers throughout the US during

10  the last three years, who were paid a salary without overtime.

11      65.    As such, the "FLSA Class" is properly defined as follows:

12          **All current and former Field Engineers employed by**

13          **Defendants and classified as exempt for at least one week during**

14          **the three years prior to filing this Complaint through the**

15          **present.**

16      66.    Although Defendants permitted and/or required the FLSA Class Members to work

17  in excess of forty (40) hours per workweek, Defendants have denied them any compensation for

18  their hours worked over forty (40).

19      67.    Plaintiffs are representatives of the FLSA Class Members in that they performed

20  similar job duties, were paid under the same pay structure, and were similarly denied overtime

21  compensation on the basis of uniform company policies and practices.  Plaintiffs are acting on

22  behalf of their interests as well as Plaintiffs' own interests in bringing this action.

23      68.    FLSA Class Members have performed the same or similar work as the Plaintiffs.

24      69.    FLSA Class Members regularly work or have worked in excess of forty (40) hours

25  during a workweek.

26      70.    FLSA Class members were not paid for any time worked in excess of 40 hours per

27  week.

28

71.     The policy of illegally classifying these Field Engineers as exempt in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

72.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

73.     As such, FLSA Class Members are similar to the Plaintiffs in terms of pay structure and/or the denial of overtime.

74.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

75.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

76.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

77.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

78.     Although the exact amount of damages may vary among FLSA Class Members, the damages for can be easily calculated by a simple formula.   The claims of all FLSA Class Members arise from a common nucleus of facts.    Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

79.     The similarly situated FLSA Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

80.     Unless the Court promptly issues such notice, the numerous similarly situated current and former Field Engineers nationwide who have been misclassified in violation of the FLSA will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Defendants.

1

## VI.   CALIFORNIA CLASS ALLEGATIONS

2

81.    Plaintiff Gonzalez Ruiz brings this action as a class action pursuant to Rule 23 of

3

the Federal Rules of Civil Procedure on behalf of the California Class, which is comprised of:

4

> **All current and former Field Engineers employed by**
> **Defendants in California and classified as exempt for at least one**
> **week during the four years prior to the filing of this Complaint**
> **through the present.**

5

6

7

8

82.    <u>Numerosity</u>.  The number of members in the California Class is believed to exceed

9

forty.  This volume makes bringing the claims of each individual member of the class before this

10

Court impracticable.   Likewise, joining each individual member of the California Class as a

11

plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California

12

Class will be determined from Defendants' records, as will the compensation paid to each of them.

13

As such, a class action is a reasonable and practical means of resolving these claims.  To require

14

individual actions would prejudice the California Class and Defendants.

15

83.    <u>Typicality</u>.  Plaintiff's claims are typical of the California Class because like the

16

members of the California Class, Plaintiff was subject to Defendants' uniform policies and

17

practices and was compensated in the same manner as others in the California Class.  Defendants

18

failed to pay the California Class Members overtime compensation.  All members of the California

19

Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as

20

non-exempt employees but were uniformly classified as exempt and denied overtime.  Plaintiff

21

and the California Class have been uncompensated and/or under-compensated as a result of

22

Defendants' common policies and practices which failed to comply with California law.  As such,

23

Plaintiff's claims are typical of the claims of the California Class.  Plaintiff and all members of the

24

California Class sustained damages arising out of and caused by Defendants' common course of

25

conduct in violation of law as alleged herein.

26

84.    <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect

27

the interests of the California Class because it is in his interest to effectively prosecute the claims

28

herein alleged in order to obtain the unpaid wages and penalties required under California law.

1    Plaintiff has retained attorneys who are competent in both class actions and wage and hour
2    litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the
3    claims of the California Class she seeks to represent.

4         85.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual
5    questions in this matter.  The common issues of fact include, but are not limited to:

6         a.    Whether Plaintiff and the California Class worked more than eight (8) hours in a
7               day and/or worked more than forty (40) hours in a workweek;

8         b.    Whether Defendants failed to pay Plaintiff and the California Class overtime wages
9               for all hours worked over eight (8) hours in a day and/or forty (40) hours in a
10              workweek;

11        c.    Whether Defendants failed to provide or authorize meal periods and rest periods
12              for Plaintiff and the California Class;

13        d.    Whether Defendants failed to reimburse Plaintiff and the California Class for all
14              work related expenses;

15        e.    Whether Defendants failed to keep accurate records of employees' hours of work
16              and hourly wages, and failed to timely furnish each Field Engineer with a statement
17              accurately showing the total number of hours worked and wages earned each pay
18              period; and

19        f.    Whether Defendants have failed to timely pay employees unpaid wages and
20              overtime due upon their separation from employment with the Company.

21        86.   The common issues of law include, but are not limited to:

22        a.    Whether Plaintiff and the California Class exercised independent judgment and
23              discretion over matters of significance;

24        b.    Whether Plaintiff and the California Class performed work that was "directly
25              related to the management or general business operations" of Defendants;

26        c.    Whether Defendants can claim any exemption for Plaintiff and the California Class;

d.   Whether Plaintiff and the members of the California Class, who are no longer employed by Defendants, are entitled to waiting time penalties for Defendants' failure to pay all their wages upon termination of their employment;

e.   Whether Defendants' policies and practices provide and authorize meal and rest periods in compliance with California law;

f.   Whether Plaintiff and the California Class are entitled to compensatory damages;

g.   The proper measure of damages sustained by Plaintiff and the California Class; and

h.   Whether Defendants' actions were "willful."

87.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

88.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.   The identity of members of the California Class is readily identifiable from Defendants' records.

89.   This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendants to accurately record hours worked by employees and meal periods taken.  Ultimately, a class action is a superior form to resolve the California claims detailed herein

because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the California Class per applicable California laws.

## VII.   NEW YORK CLASS ALLEGATIONS

90.   Plaintiff Andy Herrera brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the New York Class, which is comprised of:

> **All current and former Field Engineers employed by Defendants in New York and classified as exempt for at least one week during the six years prior to the filing of this Complaint through the present.**

91.   Numerosity.  The number of members in the New York Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the New York Class and Defendants.

92.   Typicality.  Plaintiff's claims are typical of the New York Class because like the members of the New York Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the New York Class.  Defendants failed to pay the New York Class Members overtime compensation.  All members of the New York Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime.  Plaintiff and the New York Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with New York law.  As such, Plaintiff's claims are typical of the claims of the New York Class.  Plaintiff and all members of the New York Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

93.     <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the New York Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under New York law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the New York Class she seeks to represent.

94.     Common questions of law and fact exist to all members of the New York Class. These questions predominate over the questions affecting individual class members.

A.  Whether Plaintiff and the New York Class worked hours in excess of 40 per work week;

B.  Whether Plaintiff and the New York Class were denied overtime pay at a rate not less than one and one-half times their regular rate as prescribed by New York Law;

C.  Whether Defendants paid the Plaintiff and New York Class additional wages when they worked in excess of ten hours per shift;

D.  The proper method of calculating the amount of back pay owed to the New York Class;

E.  Whether Plaintiff and the New York Class were required to be paid on a weekly basis;

F.  Whether the wage statements issued to Plaintiff and the New York Class violated the WTPA;

G.  Whether Defendants failed to provide the required phone number on each wage statement; and

H.  Whether Defendants provided Plaintiff and the New York Class Members accurate and complete information in compliance with the notice upon hiring requirements of the WTPA.

95.     These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

96.     <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the New York Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

97.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual New York Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the New York Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity of members of the New York Class is readily identifiable from Defendants' records.

98.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendants to accurately record hours worked by employees and meal periods taken.  Ultimately, a class action is a superior form to resolve the New York claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the New York Class per applicable New York laws.

## VIII.  <u>CAUSES OF ACTION</u>

### <u>FIRST CLAIM FOR RELIEF</u>

**Failure to Pay Overtime**

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**

**On Behalf of Plaintiffs and the FLSA Collective Class**

99.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

100.    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ, employees, including Plaintiffs and the FLSA Class Members.  At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

101.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

102.    Plaintiffs and the FLSA Class Members were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

103.    At all relevant times, Defendants required and/or permitted Plaintiffs and the FLSA Class Members to work in excess of forty (40) hours per workweek.  Despite the hours worked by them, Defendants willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiffs and the FLSA Class Members the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.  By failing to compensate Plaintiffs and the FLSA Class Members at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1).

104.    Plaintiffs and the FLSA Class Members also seek reimbursement for their work related expenses.  Given that they worked significant overtime hours, they are entitled to be reimbursed for their work related expenses.  Doing otherwise would result in the Plaintiffs and FLSA Class Members being paid at rates less than time and one half their regular rates of pay.

105.   Plaintiffs and the FLSA Class Members seek recovery of their damages, unpaid wages, unpaid overtime pay, unpaid work related expenses, liquidated damages, attorney's fees, costs and expenses.

106.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime**

**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**

**On Behalf of Plaintiff Gonzalez Ruiz and the California Class**

107.   Plaintiff Gonzalez Ruiz incorporates all preceding paragraphs as though fully set forth herein.

108.   At all relevant times, Defendants were required to compensate their non-exempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendants were required to compensate all of their employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours per day.  Defendants were also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

109.   At all relevant times, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Field Engineers for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

110.   Defendants knew or clearly should have known that Plaintiff and the California Class Members solely or predominantly performed non-exempt duties, were not subject to any enumerated exemptions to California's overtime mandates – including exemptions for *bona fide* administrative, professional, or executive employees – and were thus entitled to overtime pay.

111.   Defendants routinely required Plaintiff and the California Class Members to work more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day

of a workweek.  Despite the provisions of California's overtime law, Defendants have willfully failed and refused to pay the California Class, including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

112.    The California Class Members, including Plaintiff, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendants' failure and refusal to pay such compensation.

113.    Defendants regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to Field Engineers.  Through this unlawful course of conduct, Defendants have deprived and continues to deprive Plaintiff and the California Class Members of records necessary to calculate with precision the overtime compensation due to them.

114.    Defendants' conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

<u>**THIRD CLAIM FOR RELIEF**</u>

**Failure to Provide Off-Duty Meal and Rest Periods**

**(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**

**On Behalf of Plaintiff Gonzalez Ruiz and the California Class**

115.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

116.    Throughout the relevant statute of limitations, Defendants operated under and continue to operate under a common policy and plan of failing and refusing to afford Plaintiff and the California Class Members at least one half-hour meal period in which they were relieved of all

duties after five hours of work and a second meal period after ten hours of work, as defined by IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

117.    Plaintiff and the California Class Members were regularly expected to work during lunch and other breaks.

118.    Defendants violated the meal and rest period laws by forcing Plaintiff and the members of the California Class to work through long hours without the required meal periods.

119.    Plaintiff and the members of the California Class sue for all damages allowed under the law including statutory penalties for each such violation. *See* IWC Wage Order 4-2001 and Cal. Lab. Code § 226.7.

120.    Defendants are liable for forcing Plaintiff and California Class Members to work during the meal period mandated after 5 hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the first required meal period to each California Class Member.

121.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendants failed to provide the second required meal period to each California Class Member.

122.    Plaintiff and Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Defendants authorizing and permitting them to take paid ten (10) minute rest periods during which they were relieved of all duties, as required by IWC Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

123.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each workday that Defendants failed to provide the first required rest period to each California Class Member.

124.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the second rest period for one additional hour of pay at the employee's regular rate of

compensation for each workday that Defendants failed to provide the second required rest period to each California Class Member.

125.    Defendants are further liable for forcing Plaintiff and California Class Members to work during the third rest period for one additional hour of pay at the employee's regular rate of compensation for each workday that Defendants failed to provide the third required rest period to each California Class Member.

126.    Defendants are liable for unpaid wages and statutory penalties pursuant to IWC Wage Order 4-2001 and Labor Code § 226.7.

127.    Plaintiff and the California Class Members are entitled to damages in the amount of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### Failure to Reimburse Plaintiffs for Necessary Expenditures

### (California Labor Code § 2802)

### On Behalf of Plaintiff Gonzalez Ruiz and the California Class

128.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

129.    At all times material to this Complaint, Plaintiff and members of the California Class were required to drive their personal vehicles on behalf of Defendants in the course and scope of their employment with the Defendants.  They were not reimbursed for mileage and other expenses related to the use of their personal vehicles. Likewise, Defendants failed to reimburse Plaintiff and Class Members for use of their cell phones, data plans, internet connections, and other expenses that benefited Defendants, all of which were required to perform their jobs.

130.    At all times material to this Complaint, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

131.    As a proximate result of Defendants' policies in violation of Labor Code § 2802, Plaintiff and members of the California Class sustained actual and pecuniary damages.

132.    Plaintiff and members of the California Class are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

133.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.   Interest shall accrue from the date on which the employee incurred the necessary expenditure.  Plaintiff and the class he represents are entitled to said interest.

**FIFTH CLAIM FOR RELIEF**

**Failure to Furnish Wage Statements**

**(California Labor Code §§ 226)**

**On Behalf of Plaintiff Gonzalez Ruiz and the California Class**

134.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

135.    Defendants knowingly and intentionally failed to furnish and continue to fail to furnish Plaintiff and each California Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

136.    As a result, Defendants are liable to Plaintiff and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

137.    Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

**SIXTH CLAIM FOR RELIEF**

**Failure to Pay All Wages Upon Separation from Employment**

**(California Labor Code §§ 201, 202, 203)**

**On Behalf of Plaintiff Gonzalez Ruiz and the California Class**

138.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

139.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

140.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

141.    During all relevant times, Defendants knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendants all wages owed as alleged herein.  Defendants are therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendants for waiting time penalties as required by California Labor Code §§ 203 and 218.

142.    Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendants, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

### SEVENTH CLAIM FOR RELIEF

#### Unlawful and/or Unfair Competition Law Violations

#### (California Business & Professions Code §§ 17200-17208.)

#### On Behalf of Plaintiff Gonzalez Ruiz and the California Class

143.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

144.    California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

145.    Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

146.    During all relevant times, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize

mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

147.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class.  Defendants must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

148.    Plaintiff, individually and on behalf of the members of the California Class, respectfully requests that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

### EIGHTH CLAIM FOR RELIEF

**Failure to Pay Overtime**

**(N.Y. Lab. Law §190 *et seq.*  and N.Y. Lab. Law §650 *et seq.*)**

**On Behalf of Plaintiff Andy Herrera and the New York Class**

149.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

150.    This count arises from Defendants' violation of N.Y. Lab. Law §190 *et seq.*  and N.Y. Lab. Law §650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and the New York Class Members all their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the New York Class Members were entitled to receive one and one-half times their regular rates of pay.

151.    Defendants violated N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* by failing to compensate Plaintiff and the New York Class Members consistent with the overtime provisions.

152.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the

New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### NINTH CLAIM FOR RELIEF

**Spread of Hours Violation**

**(N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4)**

**On Behalf of Plaintiff Andy Herrera and the New York Class**

153.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

154.     This count arises from Defendants' violation of the NYLL; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

155.     Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiff and the New York Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and the New York Class Members in fact worked for ten or more hours.

156.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### TENTH CLAIM FOR RELIEF

**Wage Theft Prevention Act Violation**

**(N.Y. Lab. Law §§ 2, 190, 651, *et seq*)**

**On Behalf of Plaintiff Andy Herrera and the New York Class**

157.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

158.     At all relevant times, Plaintiff and the New York Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

159.    Defendants willfully violated Plaintiff and the New York Class' rights by failing to provide them with a compliant <u>notice upon hiring</u> required by the WTPA throughout the relevant time period.

160.    The WTPA required Defendants to provide its workers with a notice upon hiring that disclosed the regular hourly rate of pay, the overtime rate of pay, whether they were paid by hour, shift, day, week, etc., the regular pay day designated by the employer in accordance with section 191 of the WTPA, the name and address of the employer and the employer's telephone number. Defendants failed to comply with these requirements.  Indeed, Defendants could not provide the accurate hourly rate of pay or overtime rate of pay because, by their own admission, Defendants did not pay overtime each week.  Defendants omitted other critical information as well.

161.    The WTPA also required Defendants to provide particular information to Plaintiff and the New York Class Members on every pay statement including, *inter alia*, the date of work "the  dates  of work covered by that payment of  wages; name of employee; name of employer; address and phone  number  of  employer;  rate  or  rates of pay and basis thereof, whether paid by the  hour, shift, day, week,  salary,  piece,  commission,  or other;  gross wages;  deductions; allowances,  if any, claimed as part of the minimum wage; and net wages . . . the regular hourly rate or rates of pay; the overtime rate or  rates  of pay; the number of regular hours worked, and the number of overtime hours  worked." N.Y. Lab. L. § 195(3).

162.    Defendants' wage statements did not comply with these requirements.  The wage statements did not include the number of hours of work, how pay was calculated, the amount of deductions that were taken, Defendants' phone number, and other information.

163.    Through their knowing and intentional failure to provide Plaintiff and the New York Class with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

164.    Due to Defendants' willful violations of the NYLL, Plaintiff and the New York Class is entitled to recovery statutory penalties, together with costs and attorneys' fees. N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Class Members, pray for relief as follows:

1. That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are at present or have been at any time during the past three years, up through and including the date of this Court's issuance of a Court-supervised Notice, been employed by Defendants as Field Engineers as defined and described herein.  Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were misclassified as an exempt employee;

2. Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3. Preliminary, permanent, mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

4. Finding that Defendants' policies and/or practices described above violate the FLSA, California Law, and New York Law;

5. Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants for the causes of action alleged herein;

6. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant; and

7. Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.


Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax       713 999 1187

**Don Foty**
(seeking admission pro hac
vice)mailto:matt@parmet.law
dfoty@hftriallawfirm.com
**HODGES & FOTY, LLP**
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Phone: (713) 523-0001
Fax:     (713) 523-1116

**Attorneys for Plaintiffs and Class Members**